UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25CV-P355-JHM

GARY RIGHTNOWAR                                                                  PLAINTIFF

v.

LOUISVILLE METRO GOVERNMENT/LOUISVILLE
METRO DEPARTMENT OF CORRECTIONS                        DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gary Rightnowar filed the instant *pro se* action proceeding *in forma pauperis*. He filed an original complaint on his own paper (DN 1). The Clerk of Court issued a notice of deficiency directing Plaintiff to file his complaint on a court-approved form. Plaintiff complied and filed a complaint on a court form (DN 1-4). This matter is now before the Court on initial review of both versions of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons stated below, the Court will dismiss the action without prejudice.

**I. SUMMARY OF FACTUAL ALLEGATIONS**

Plaintiff names the Defendant as "Louisville Metro Government/Louisville Metro Department of Corrections." In the original complaint filed on his own paper, Plaintiff asserts that he was housed at Louisville Metro Department of Corrections (LMDC) from July 30, 2024, to August 12, 2024. Plaintiff reports that he informed jail staff that he was diagnosed with mental health conditions, including Autism Spectrum Disorder Level 1, Major Depressive Disorder, Generalized Anxiety Disorder, Schizoaffective Disorder, and that he "informed staff that he required his prescribed medications to manage these serious conditions." He maintains

that he was denied all prescribed medications and that his "mental state deteriorated severely." Plaintiff states that he "personally witnessed inmates manufacturing narcotics within the facility and has reason to believe correctional officers were either aware of or complicit in this illegal activity" and this "environment created an unsafe and traumatic atmosphere that exacerbated Plaintiff's PTSD and overall mental health." He describes two instances where he attempted to flee from corrections officers and "was aggressively tackled, handcuffed, and forcibly confined . . . in a holding cell" in the first incident and was tased in the second incident. Plaintiff states, "The jail and its staff are solely responsible for all injuries resulting from their unconstitutional conduct, including Plaintiff's concussion and subsequent neurological symptoms such as head pain, swelling, dizziness, disorientation, memory loss, and confusion." He maintains that after he was tased he "developed severe suicidal ideation." He states, "Despite Plaintiff's repeated urgent requests for medical care to address his concussion and worsening mental state, Defendant failed to provide any meaningful treatment."[1]

Plaintiff alleges a 42 U.S.C. § 1983 claim for deliberate indifference to serious medical needs. Also, under a heading, "Additional Legal Bases for Relief," Plaintiff lists the Eighth and Fourteenth Amendments, the Americans with Disabilities Act (ADA), the Rehabilitation Act of 1973 (RA), and Prison Rape Elimination Act (PREA). As relief, Plaintiff seeks compensatory and punitive damages and "meaningful reform in jail conditions."

## II. STANDARD

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. 28 U.S.C. § 1915(e); *McGore*, 114 F.3d at 608-09. Upon review, the Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim

---

[1] The complaint filed on the court-approved contains substantially the same allegations as those alleged in the original complaint.

upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted). And this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## III. ANALYSIS

### A. *§ 1983*

Section 1983 creates a cause of action against any person who, under color of state law, causes the deprivation of a right secured by the Constitution or the laws of the United States. A claim under § 1983 must therefore allege two elements: (1) the deprivation of federal statutory or constitutional rights by (2) a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

LMDC is not a "person" subject to suit under § 1983 because municipal or county departments, such as jails, are not suable under § 1983. *Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000) (holding that a jail is not an entity subject to suit under § 1983). In this situation, Louisville Metro Government is the proper defendant. *Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990).

A municipality or county cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal or county policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal or county liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a

government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Moreover, "a municipality cannot be held liable *solely* because it employs a tortfeasor — or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 (emphasis in original); *Searcy*, 38 F.3d at 286; *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

Plaintiff does not allege that he was denied medical treatment pursuant to a municipal policy or custom of Louisville Metro Government. Nor does he allege that any of the other alleged actions taken during his incarceration at LMDC were taken pursuant to a municipal policy or custom. Plaintiff alleges isolated occurrences affecting only Plaintiff. Therefore, Plaintiff's § 1983 claims against Louisville Metro Government must be dismissed for failure to state a claim upon which relief may be granted.

However, the Court will dismiss Plaintiff's § 1983 claims without prejudice with leave to amend for Plaintiff to identify the specific individuals who he alleges violated his constitutional rights and to allege how each violated his rights with regard to his allegations. *See Rashada v. Fiegel*, No. 23-1674, 2024 U.S. App. LEXIS 7883, at *12 (6th Cir. Apr. 1, 2024) (approving dismissal of *pro se* complaint without prejudice and with leave to amend).

*2. ADA and RA*

"Title II of the ADA provides that 'no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity'" *S.S. v. E. Ky. Univ.*, 532 F.3d 445, 452 (6th Cir. 2008) (quoting 42 U.S.C. § 12132). Section 504 of the RA similarly provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).

Plaintiff states no facts to support a claim under the ADA or RA. "The ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1022 (9th Cir. 2010) (citing *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners. . . . The ADA does not create a remedy for medical malpractice.")); *see also Baldridge-El v. Gundy*, No. 99-2387, 2000 U.S. App. LEXIS 29195, at *6 (6th Cir. Nov. 8, 2000) (holding that neither the RA nor the ADA creates a remedy for failure to treat a disabled inmate's medical needs). Because Plaintiff does not allege that he was discriminated against because of a disability, his claims under the ADA and RA will be dismissed for failure to state a claim upon which relief may be granted.

*3. PREA*

Even if Plaintiff had alleged any facts to support a claim for violation of PREA, district courts in the Sixth Circuit, including this one, have consistently concluded that that PREA does not create a private cause of action. *See, e.g.*, *Taylor v. Unknown Battle*, No. 1:22-CV-509, 2022

U.S. Dist. LEXIS 140697 (W.D. Mich. Aug. 8, 2022); *Bensfield v. Murray*, No. 4:21-CV-P104-JHM, 2022 U.S. Dist. LEXIS 29554 (W.D. Ky. Feb. 18, 2022) (collecting cases); *Hodge v. Burkhart*, No. 15-CV-105-GFVT, 2016 U.S. Dist. LEXIS 66411 (E.D. Ky. May 20, 2016). Therefore, Plaintiff's claim under PREA must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

Accordingly, the Court will enter a separate Order dismissing the action. As state above, the § 1983 claims will be dismissed without prejudice with leave to amend for Plaintiff to identify the specific individuals who alleges violated his constitutional rights and to describe the actions taken by each. Any amended complaint will supersede, or replace, the original complaint and the complaint filed on the complaint form, and the Court will conduct initial review of the amended complaint under § 1915(e).

**IT IS ORDERED** that should Plaintiff file an amended complaint he must do so **no later than November 3, 2025**.

The **Clerk of Court is DIRECTED** to place this case number and word "Amended" on a non-prisoner § 1983 complaint form and send it to Plaintiff, along with three summons forms, should Plaintiff choose to amend the complaint.

Date:   October 2, 2025

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:   Plaintiff, *pro se*
4414.010